UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00139-GCM

| PROGRESS RESIDENTIAL | ) | |
|---|---|---|
| BORROWER 7 LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| KWAMIR BRADLEY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of the Notice of Removal of Action filed by Defendant Kwamir Bradley, removing Plaintiff's Complaint from the District Court Division-Small Claims of Mecklenburg County, North Carolina [Docs. 1, 1-1].

## I. BACKGROUND

On or about March 1, 2021, Plaintiff Progress Residential Borrower 7, LLC, ("Plaintiff") filed a Complaint in Summary Ejectment in Mecklenburg County General Court of Justice, District Court Division-Small Claims. [Doc. 1-1]. Plaintiff alleged that Defendant Bradley failed to pay monthly rent totaling $10,000.00 and sought possession of the property only, reserving a claim for monetary damages. [Id. at 3]. Summons was issued on March 3, 2021. [Id. at 1]. It set a hearing date of May 4, 2021. [Id.]. On April 1, 2021, Bradley filed a Notice of Removal with this Court, claiming federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(c)(1)(A).[1] [Doc. 1 at 1]. Bradley contends that the Truth in Lending Act (TILA) and the Fair Debt Collection

---

[1] Bradley also, oddly, claims that 25 U.S.C. § 2701, which relates to regulation of gaming activity on Indian land, "completely preempts the claims asserted in the complaint." [Doc. 1 at 4].

Practices Act (FDCPA) apply "to the claims, defenses and material issues raised in this case." [Id. at 5]. Specifically, Bradley contends that Plaintiff's Complaint "raises a federal question that arises in the Truth in Lending Act" because "the plaintiff alleges that the defendant is in breach of and calls the defendant a lessee." [Id. at ¶ 13]. Bradley argues that "[j]urisdiction also arises under [the FDCPA] …" because the "plaintiff says that [Bradley] allegedly owe[s] a debt, and because of that, they believe they have the right to take possession of the property." [Id. at ¶ 17]. Bradley appears to support this claim – or assert a counterclaim -- by alleging that he sent a communication to Plaintiff on May 11, 2020 requesting verification of the debt, that Plaintiff did not respond, and that Bradley then "sent a cease communication letter, which invoked remedy for [Bradley]." [Id. at ¶ 20].

## II.  DISCUSSION

Except as otherwise provided by law, a defendant may remove a state civil action to federal district court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Among those cases of which the district courts have original jurisdiction are civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Removal jurisdiction is not favored, and thus the Court must "construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

"The presence or absence of [a] federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal

2

question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). Generally, federal question jurisdiction exists only if the complaint pleads a federal cause of action. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232 (1986); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "In other words, the well-pleaded complaint rule generally bars federal questions jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved." Fagin v. Gilmartin, No. 03-2631(SRC), 2007 WL 419286, at *3 (D.N.J. Feb. 1, 2007). Consequently, a counterclaim may not be considered to establish federal question jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 66 (2009) ("Under the well-pleaded complaint rule, a … counterclaim … does not provide a key capable of opening a federal court's door.").

Here, Bradley attempts to invoke federal question jurisdiction by implicitly counterclaiming that Plaintiff violated federal law in collecting the rental debt owed by Bradley. Alternatively, or in addition, it appears that Bradley attempts to recast Plaintiff's claim as falling within the scope of federal law. Bradley misses the mark. Plaintiff's well-pleaded Complaint states a simple state law summary ejectment action based on Bradley's breach of a lease agreement by failing to pay rent. See N.C.G.S. § 42-46. Furthermore, Bradley cannot invoke this Court's jurisdiction by asserting a counterclaim under federal law. This matter will, therefore, be remanded.

## III. CONCLUSION

In sum, the Court remands this proceeding to the Mecklenburg County General Court of Justice, District Court Division-Small Claims for lack of subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. This action is hereby **REMANDED** to the Mecklenburg County General Court of Justice, District Court Division-Small Claims.

2. The Clerk is instructed to terminate these proceedings.

Signed: May 17, 2021

Graham C. Mullen
United States District Judge